IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA MILAGROS MATTA-RODRÍGUEZ, et al.<br><br>     Plaintiffs,<br><br>          v.<br><br>ASHFORD PRESBYSTERIAN COMMUNITY HOSPITAL, et al.<br><br>     Defendants. | CIVIL NO. 12-1028 (PAD) |

### ORDER

On July 18, 2014, the Court dismissed plaintiffs' EMTALA claims for failure to screen and stabilize with prejudice (Docket No. 59). Because the Court dismissed all of the federal claims, and complete diversity was lacking as to all plaintiffs, the Court also dismissed plaintiffs' supplemental law claims without prejudice. Id. at p. 17.

On July 28, 2014, plaintiffs Teresa Rodríguez-Nieves; María Milagros Matta-Rodríguez; María Teresa Matta-Rodríguez; María del Rocío Matta-Rodríguez; Nicolás Matta-Rodríguez; Carlos Muñiz-Matta; and José Nicolás Muñiz-Matta moved for reconsideration of the order dismissing co-plaintiffs Maria del Rocio' and José Nicolas' state-law claims. They contend diversity jurisdiction exists as those two plaintiffs because they are domiciled in Texas and Ohio, respectively. Id. at pp. 2-4. They further ask the Court to exercise supplemental jurisdiction over the remaining plaintiffs' state-law claims on fairness, justice and judicial economy considerations. Id. at pp. 2, 4-15. They finally argue that their EMTALA's duty to screen claim for failure to include an abdominal CT scan as part of Nicolas Matta-Rodríguez' initial screening on his second visit to Ashford Presbyterian Community Hospital ("Ashford Hospital") was improperly dismissed.

María M. Matta-Rodríguez, *et al.* v. Ashford Presbyterian Community Hosp. *et al*.
Civil No. 12-1028 (PAD)
Opinion and Order
Page 2

On August 15, 2014, plaintiffs filed a notice of appeal from the July 18, 2014 judgment (Docket No. 62). Because at the time plaintiffs filed the notice of appeal this Court had not yet ruled on their motion for reconsideration, plaintiffs were directed by the First Circuit to file a status report by October 22, 2014 informing of any action taken by this Court on the post-judgment motion (Docket No. 65).

After careful consideration of the arguments in support of the motion for reconsideration, plaintiffs' request is GRANTED IN PART AND DENIED IN PART.

(i) The request to exercise jurisdiction over the two diverse plaintiffs is **GRANTED**. The Court, however, notes that plaintiffs never raised this argument before the motion for reconsideration. In fact, defendants' motion for summary judgment asked the court to dismiss the EMTALA claims with prejudice and the supplemental claims without prejudice (Docket No. 43 at p. 2). In their opposition, plaintiffs never addressed or opposed this request (Docket No. 52). Nonetheless, in the interest of sound judicial administration and judicial economy, the proper course of action is to allow María del Rocio Matta-Rodríguez' and José Nicolas Muñiz-Matta's state-law claims for their own damages to go forward.[1]

(ii) The request for reconsideration of the dismissal of the EMTALA's failure to screen claim is **DENIED**. The Court has carefully re-examined the arguments raised by plaintiffs in support of their contention, and finds no reason to deviate from its prior ruling. Plaintiffs' motion for reconsideration does not direct to any newly

---

[1] Whether the inherited action for the damages allegedly suffered by Nicolas Matta-Rodríguez will continue in this Court will depend on whether the Court additionally exercises supplemental jurisdiction over the remaining (non-diverse) plaintiffs' state-law claims. As this Court held in Ruiz v. Presbyterian Community Hospital, Inc.; *et al*, Civil No. 12-1584 (PAD) (D.P.R. June 20, 2014)(Docket No. 116) and Reyes-Ortiz v. HIMA San Pablo-Bayamón, Civil No. 11-1273 (PAD) (D.P.R. June 16, 2014) (Docket No. 142), *all* heirs are indispensable parties to a survivorship or inherited claim. As explained in detail below, the Court intends to consider defendants' position before making a definite ruling pertaining to the remaining (non-diverse) plaintiffs' state-law claims.

Case 3:12-cv-01028-PAD   Document 66   Filed 10/17/14   Page 3 of 3

María M. Matta-Rodríguez, *et al.* v. Ashford Presbyterian Community Hosp. *et al*.
Civil No. 12-1028 (PAD)
Opinion and Order
Page 3

discovered evidence or an intervening change in the law. Similarly, plaintiffs have not shown that the Court's order was clearly unjust or based on a manifest error of law.[2] Rather, plaintiffs insist and elaborate upon their previous arguments. Absent a valid ground for reconsidering the previous disposition, plaintiffs' motion for reconsideration lacks merit.

(iii) Plaintiffs' final request for the Court to exercise supplemental jurisdiction over the remaining (non-diverse) plaintiffs' state-law claims will be **HELD IN ABEYANCE** pending consideration of defendants Ashford Hospital's and Dr. Amaury Capella's positions on this matter. As such, they are granted until **October 30, 2014**, to file a memorandum of law including their position on this request. The memorandum shall include case law with a setting identical, similar or closely analogous to the one in this case.

An amended judgment will be entered after deciding this final matter.

**SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of October, 2014.

                                        s/Pedro A. Delgado-Hernández
                                        PEDRO A. DELGADO-HERNÁNDEZ
                                        United States District Judge

---

[2] Any motion seeking the reconsideration of a judgment is considered a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) if, as in this case, it seeks to change the judgment issued. It may be granted in any of three (3) situations: (1) availability of new evidence not previously available; (2) an intervening change in controlling law; and (3) the need to correct a clear error of law or to prevent manifest injustice. See, Acosta-Colón v. Wyeth, 2006 WL 508094 at *3 (D.P.R. March 1, 2006).