IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA MILAGROS MATTA-RODRÍGUEZ, <u>et al.</u><br><br>    Plaintiffs,<br><br>            v.<br><br>ASHFORD PRESBYSTERIAN COMMUNITY HOSPITAL, <u>et al.</u><br><br>    Defendants. | CIVIL NO. 12-1028 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge

      On July 18, 2014, the court dismissed the federal (EMTALA) claims with prejudice, and the supplemental state-law claims without prejudice, for lack of complete diversity as to all plaintiffs (Docket No. 59). Plaintiffs timely moved for a reconsideration of both rulings. Respecting the state claims, they pointed out that jurisdiction existed over the state claims of Maria del Rocio Matta-Rodríguez and José Nicolas Muñiz-Matta because they are domiciled in Texas and Ohio, respectively; and along the same line, that supplemental jurisdiction should be exercised over all of the remaining (non-diverse) plaintiffs' state-law claims. <u>See</u>, Docket No. 61 at pp. 2, 4-15.

      On October 17, 2014, the court denied reconsideration of the EMTALA ruling; expressed it would exercise jurisdiction over Maria del Rocio's and José Nicolas' state-law claims for their

María M. Matta-Rodríguez, *et al.* v. Ashford Presbyterian Community Hosp. *et al.*
Civil No. 12-1028 (PAD)
Memorandum and Order
Page 2

own damages;[1] and held in abeyance the request to exercise supplemental jurisdiction over the remaining (non-diverse) plaintiffs' state-law claims, pending evaluation of defendants' position.[2]

On the merits, the non-diverse plaintiffs contend the court should exercise supplemental jurisdiction since: (1) this case has been pending for more than 2 years; (2) discovery is complete; and (3) all damages arise from the same common nucleus of operative facts – the death of Nicholas Matta, which was allegedly caused by defendants' negligence. As support, they also refer to the decision in Monserrate-Pérez v. Hospital Comunitario Buen Samaritano, 2014 WL 1320236 (D.P.R. April 1, 2014), where, on reconsideration, the court allowed all of plaintiffs' state law claims – including those brought by non-diverse plaintiffs – to be litigated in federal court after their EMTALA claims were dismissed (Docket No. 61 at pp. 8-15).

After careful evaluation of the issue, plaintiffs' request must be denied. Given that the court has not evaluated the merits of state claims, there would be no duplication of judicial resources if those claims were to be litigated in state court. The allegation that filing this case in state court would require the parties to go over discovery again and "then wait, at the very least, 2-3 years for a trial date," is unpersuasive, for in plaintiffs' own words this is a "straightforward medical malpractice suit" under Article 1802 of the Puerto Rico Civil Code in which all discovery has been completed.

As such, the non-diverse plaintiffs can easily move the local court to set trial as soon as practicable. That they will probably use similar evidence in state court to prove the underlying

---

[1] The Court expressly cautioned that, whether the inherited action for the damages allegedly suffered by Nicolas Matta-Rodríguez will continue here would depend on whether the court exercised supplemental jurisdiction over the remaining (non-diverse) plaintiffs' state-law claims for in the court's opinion, all heirs are indispensable parties to a survivorship or inherited claim (Docket No. 66 at p. 2, n. 1).

[2] On November 6, 2014, the court ordered the parties to supplement their memorandums in light of the First Circuit's opinion in Cason v. Puerto Rico Elec. Power Authority, 770 F.3d 971 (1st Cir. 2014), to the extend they deemed it appropriate (Docket No. 72). The parties complied (Docket Nos. 73-75).

María M. Matta-Rodríguez, *et al.* v. Ashford Presbyterian Community Hosp. *et al.*
Civil No. 12-1028 (PAD)
Memorandum and Order
Page 3

fact – the negligent death of Nicholas Matta – does not warrant a different conclusion, as it is clear that each non-diverse plaintiff will have to present evidence to establish his/her own damages under Article 1802.

Moreover, only two of seven plaintiffs here are diverse plaintiffs. Thus, if all claims were to be tried in federal court, the non-diverse state law claims would far outweigh the diverse plaintiffs' claims. And contrary to the situation in Monserrate-Pérez, none of the plaintiffs has been diagnosed with a condition that would affect his or her ability to seek compensation in state court. For the same reason, the non-diverse plaintiffs cannot reasonably claim that requiring them to file in state court would be unfair or that they will not get their day in court.

As the First Circuit has consistently held, whether a court should decline supplemental jurisdiction depends on a "pragmatic and case-specific evaluation of a variety of considerations, including the interest of fairness, judicial economy, convenience and comity." Desjardins v. Willard, 777 F.3d 43, 45 (1st Cir. 2015)(internal citations and quotation marks omitted). The balancing of these factors under the circumstances of this case, dictates that in the absence of a viable federal claim, non-diverse parties' state claims should be decided by state court.

Likewise, for the reasons stated in Docket No. 66 at p. 2, n. 1, the inherited action for the damages allegedly suffered by Nicolas Matta-Rodríguez must be dismissed without prejudice, inasmuch as all heirs are indispensable for a survivorship or inherited claim. The claim cannot be pursued by less than all heirs. See, Bauz-González v. Presbyterian Community Hospital, Inc., Civil No. 13-1886 (D.P.R. May 11, 2015) (Docket No. 53 and cases cited therein).

In sum, only the state law claims of María del Rocio Matta-Rodríguez and José Nicolas Muñiz-Matta for their own damages will move forward in this Court.

María M. Matta-Rodríguez, *et al.* v. Ashford Presbyterian Community Hosp. *et al.*
Civil No. 12-1028 (PAD)
Memorandum and Order
Page 4

A Pretrial/Settlement conference is set for **June 26, 2014** at **3:30 p.m.** A representative of the parties with settlement authority shall be available by phone. The parties shall file a Joint Proposed Pretrial Report by June 16, 2015. A separate order with the required topics of the Report will follow.

**SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of May, 2015.

                                        s/Pedro A. Delgado-Hernández
                                        PEDRO A. DELGADO-HERNÁNDEZ
                                        United States District Judge